UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:                                                          Case No.: 17-21340-BKC-RBR
                                                                Chapter 7
ROCKLINE VAC SYSTEMS, INC.                                      (Converted)

_____Debtor._____/

SCOTT N. BROWN, as                                              Adv. Pro. No.
Chapter 7 Trustee of the Bankruptcy
Estate of Rockline VAC Systems, Inc.

      Plaintiff,

v.

TUTOR PERINI CORPORATION,
a California corporation,

      Defendant.
_____/

## COMPLAINT

Scott N. Brown, as Chapter 7 trustee of the bankruptcy estate of Rockline VAC Systems, Inc. (the "Trustee" or "Plaintiff"), by and through undersigned counsel, sues Defendant, Tutor Perini Corporation, and any and all affiliated and related entities (the "Defendant" or "Tutor Perini"), and alleges as follows:

### PRELIMINARY STATEMENT

1. By this Complaint, the Trustee seeks judgment against the Defendant for failure to pay the Debtor, Rockline VAC Systems, Inc. (the "Debtor" or "Rockline"), the sum of $11,102.80 for services rendered by the Debtor to the Defendant prior to the Petition Date.

### JURISDICTION AND VENUE

2. This is an adversary proceeding under Fed. R. Bankr. P. 7001, *et seq.*

Case No.: 17-21340-BKC-RBR<br>Adv. No.: _____

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and Administrative Order 2012-25 of the United States District Court, Southern District of Florida.

4. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O), and the Trustee consents to the entry of final orders and judgment by the Bankruptcy Court.

5. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## PARTIES

6. The Trustee is the duly-appointed Chapter 7 trustee of the bankruptcy estate of the Debtor, Rockline VAC Systems, Inc. (the "Estate" or the "Bankruptcy Estate"), and brings this action solely in his capacity as Trustee.

7. The Defendant, Tutor Perini Corporation, is a California corporation whose principal place of business is 15901 Olden Street, Sylmar, California 91342.

## BACKGROUND

**The Main Case**

8. On September 6, 2016 (the "Petition Date"), the Debtor, Rockline VAC Systems, Inc., filed a voluntary Chapter 11 bankruptcy petition in the United States Bankruptcy Court, Southern District of Florida, which commenced Case No. 17-21340-BKC-RBR (the "Main Case" or the "Bankruptcy Case").

9. From the Petition Date through November 1, 2017, the Debtor operated as a debtor-in-possession.

10. On October 4, 2017, Creditor John Fernandez filed his *Motion to Convert Case, Appoint a Chapter 11 Trustee, or Dismiss Case* (ECF No. 19)(the "Motion to Convert").

11. On October 27, 2017 the Debtor filed its *Agreed Ex Parte Motion to Convert Case to a Proceeding Under Chapter 7* (ECF No. 31).

Case No.: 17-21340-BKC-RBR
Adv. No.: _____

12. Following a hearing, on November 1, 2017, this Court entered its *Order Converting Case Under Chapter 11 to Case Under Chapter 7* (ECF No. 34)(the "Conversion Order").

13. Shortly thereafter, on November 2, 2017, Scott N, Brown was appointed as Chapter 7 trustee of the Debtor's bankruptcy estate (*see* ECF No. 39).

**The Debtor's Pre-Petition Business**

14. According to the Debtor's *Case Management Summary* (ECF No. 9), prior to the Petition Date, the Debtor, among other things, operated a sewer cleaning business. Debtor's counsel advised the Trustee that the Debtor ceased operating prior to the Petition Date and had no employees as of the Conversion Date.

15. The Debtor operated its business from the real property located at 2580 S.W. 32nd Street, Fort Lauderdale, Florida 33312 (the "Business Premises"), which real property was sold by the Trustee.

**The Outstanding Indebtedness**

16. Line 11 of the Debtor's Schedule "A/B" (Main Case ECF No. 1) reflects outstanding accounts receivable due to the Debtor of $785,404.04.

17. A schedule of outstanding receivables provided by the Debtor reflects that the Defendant, Tutor Perini Corporation, owes the Debtor $11,102.80 for, among other things, services provided by the Debtor to Defendant.

**The Demand Letter**

18. By letter dated December 4, 2017, the Trustee made demand upon Defendant for the immediate payment of $11,102.80 (the "Demand Letter"). The Trustee made a second, follow-up demand on September 13, 2018 (the "Second Demand Letter"). A true and correct copy of the Second Demand Letter (which includes a copy of the original Demand Letter) is attached hereto as Exhibit "A" and incorporated by reference.

Case No.: 17-21340-BKC-RBR
Adv. No.: _____

19. As of the date of the filing of this Complaint, the Defendant has failed to pay the outstanding balance due to the Debtor.

20. Plaintiff has performed all conditions precedent to the bringing of this action, or such conditions have been waived.

## COUNT I
## ACCOUNT STATED

21. Plaintiff incorporates by reference and realleges paragraphs 1 through 20 of this Complaint as if fully set forth herein.

22. Before the institution of this action, the Debtor and the Defendant had business transactions between them which led to the unpaid resulting balance of $11,102.80 due by the Defendant to the Debtor.

23. Upon information and belief, Defendant agreed to the resulting balance of $11,102.80 due by the Defendant to the Debtor.

24. Plaintiff made demand for immediate payment of the outstanding balance by virtue of the Demand Letter and the Second Demand Letter.

25. Defendant failed to pay the outstanding balance and failed to object to Plaintiff's demands within a reasonable amount of time.

26. Defendant owes Plaintiff the sum of $11,102.80.

**WHEREFORE**, Plaintiff, Scott N. Brown, as Chapter 7 Trustee of the Bankruptcy Estate of Rockline VAC Systems, Inc., respectfully requests this Honorable Court enter judgment against Defendant, Tutor Perini Corporation: (i) awarding damages in the sum of $11,102.80, plus court costs; and (ii) granting such other and further relief as the Court deems just and proper.

## COUNT II
## OPEN ACCOUNT

27. Plaintiff realleges paragraphs 1 through 20 above, as fully set forth herein.

28.     Defendant owes Plaintiff the sum of $11,102.80 according to the account attached hereto as Exhibit "A."

**WHEREFORE**, Plaintiff, Scott N. Brown, as Chapter 7 Trustee of the Bankruptcy Estate of Rockline VAC Systems, Inc., respectfully requests this Honorable Court enter judgment against Defendant, Tutor Perini Corporation: (i) awarding damages in the sum of $11,102.80, plus court costs; and (ii) granting such other and further relief as the Court deems just and proper.

## COUNT III
## UNJUST ENRICHMENT

29.     Plaintiff realleges paragraphs 1 through 20 above, as fully set forth herein.

30.     Defendant knowingly and voluntarily requested and received services and goods from the Debtor of at least $11,102.80.

31.     Defendant has had use and benefit of the services and goods it received from the Debtor, but has not paid the Debtor for said services and goods.

32.     The Debtor conferred a benefit on Defendant, and a clear benefit has flowed to Defendant.

33.     Defendant accepted and has retained the benefits conferred by the Debtor.

34.     Under the circumstances, it would be inequitable for Defendant to retain such benefit without paying the value thereof.

35.     Defendant has been unjustly enriched by obtaining at least $11,102.80 in services and goods from the Debtor and failing to pay for same.

36.     As a result of the unjust enrichment of Defendant, Plaintiff has been damaged in the amount of at least $11,102.80.

**WHEREFORE**, Plaintiff, Scott N. Brown, as Chapter 7 Trustee of the Bankruptcy Estate of Rockline VAC Systems, Inc., respectfully requests this Honorable Court enter judgment against

Case No.:  17-21340-BKC-RBR
Adv. No.: _____

Defendant, Tutor Perini Corporation: (i) awarding damages in the amount of $11,102.80 plus court costs; and (ii) granting such other and further relief as the Court deems just and proper.

Respectfully submitted this 10th day of June, 2019.

> BAST AMRON LLP
> *Counsel for the Trustee, Scott N. Brown*
> SunTrust International Center
> One Southeast Third Avenue, Suite 1400
> Miami, Florida 33131
> Telephone: 305.379.7904
> Facsimile: 305.379.7905
> Email: sbrown@bastamron.com
> hharrison@bastamron.com
>
> By:*/s/ Hayley G. Harrison*
>     Scott N. Brown, Esq. (FBN 663077)
>     Hayley G. Harrison. (FBN 105157)

**Exhibit "A"**



SunTrust International Center | One Southeast Third Avenue, Suite 1400 | Miami, Florida 33131
www.bastamron.com | 305.379.7904

SCOTT BROWN, ESQ.
EMAIL: sbrown@bastamron.com

September 13, 2018

*Via Certified Mail – Return Receipt Requested*

Tutor Perini
Fort Lauderdale – Hollywood Venture
1000 Main Street
New Rochelle, NY 10801
Attn: Accounts Payable

    Re:    *In re Rockline VAC Systems, Inc.*
              **Case No. 17-21340-BKC-RBR**

To Whom It May Concern:

     As you may be aware, on September 6, 2017, Rockline VAC Systems, Inc. (the "Debtor") filed a voluntary Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Southern District of Florida, Ft. Lauderdale Division, which commenced Case No. 17-21340-BKC-RBR (the "Bankruptcy Case").

     On November 1, 2017, the Bankruptcy Court entered its *Order Converting Case Under Chapter 11 to Case Under Chapter 7* (ECF No. 34)(the "Conversion Order"), and on November 2, 2017, Scott N. Brown was appointed as Chapter 7 trustee of the Debtor's bankruptcy estate (the "Estate" or the "Bankruptcy Estate")(*see* ECF No. 39). This firm is counsel to the Chapter 7 Trustee.

     On December 4, 2017, we sent a demand letter requesting the immediate payment of outstanding receivables due to the Debtor in the amount of $11,102.80 (copy attached). To date, we have not received either (i) payment, or (ii) a written response disputing any of the amounts due. **Accordingly, please be advised that if payment of $11,102.80 is not received within ten (10) days, the Trustee has authorized us to file suit in the United States Bankruptcy Court for the Southern District of Florida.** Payment must be received within ten (10) days from the date of this letter and should be made payable to "Scott N. Brown, Trustee," c/o Bast Amron LLP, 1 S.E. Third Avenue, Suite #1400, Miami, Florida 33131, Attn: Scott N. Brown, Esquire.

     If you believe you have any defenses to the foregoing, please provide a detailed written explanation and all supporting documentation and relevant analysis within ten (10) days.

     Nothing in this letter shall be deemed a waiver of any type by the Trustee to pursue any and all rights and remedies available to the Estate, including, but not limited to, the right to commence or continue litigation, whether related to the instant demand or any other claims and causes of action that the Estate may possess against you, and all such rights and remedies are expressly preserved.

00521080.DOC

Tutor Perini
September 13, 2018
Page 2

## PLEASE GOVERN YOURSELF ACCORDINGLY.

Very truly yours,

Scott N. Brown

Enclosures (as stated and FDCPA Notice)

cc:    Kevin McCoy, KapilaMukamal, LLP



00521080.DOC



**BASTAMRON**
ATTORNEYS

SunTrust International Center   One Southeast Third Avenue, Suite 1400   Miami, Florida 33131
www.bastamron.com   305.379.7904

SCOTT BROWN, ESQ.
EMAIL: sbrown@bastamron.com

December 4, 2017

Tutor Perini
Fort Lauderdale – Hollywood Venture
1000 Main Street
New Rochelle, NY 10801
Attn: Accounts Payable

    **Re:** *In re Rockline VAC Systems, Inc.*
         <u>**Case No. 17-21340-BKC-RBR**</u>

To Whom It May Concern:

    As you may be aware, on September 6, 2017, Rockline VAC Systems, Inc. (the "Debtor") filed a voluntary Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Southern District of Florida, Ft. Lauderdale Division, which commenced Case No. 17-21340-BKC-RBR (the "Bankruptcy Case").

    On November 1, 2017, the Bankruptcy Court entered its *Order Converting Case Under Chapter 11 to Case Under Chapter 7* (ECF No. 34)(the "Conversion Order"), and on November 2, 2017, Scott N. Brown was appointed as Chapter 7 trustee of the Debtor's bankruptcy estate (the "Estate" or the "Bankruptcy Estate")(*see* ECF No. 39). This firm is counsel to the Chapter 7 Trustee.

    A review of, among other things (i) the Debtor's books and records, and (ii) the Debtor's bankruptcy schedules reflect that as of the Conversion Date, November 1, 2017 (the "Conversion Date"), you owed the Debtor the total sum of $11,102.80 for pre-petition services performed by the Debtor. Attached hereto as Composite Exhibit "1" and incorporated by reference is a copy of the most recent statement generated from the Debtor's accounting records evidencing and detailing the balance due to the Debtor together with itemized invoices detailing same.

    <u>**Accordingly, demand is hereby made for the immediate payment of $11,102.80.**</u> Payment must be received within ten (10) days from the date of this letter and should be made payable to "Scott N. Brown, Trustee," c/o Bast Amron LLP, 1 S.E. Third Avenue, Suite #1400, Miami, Florida 33131, Attn: Scott N. Brown, Esquire.

    If payment is not received within ten (10) days of the date of this letter, the Trustee will take all actions necessary to protect the Bankruptcy Estate's interests, including, but not limited to, the commencement of legal proceedings against you for the collection of the outstanding receivables.

00480054.DOC

Tutor Perini
December 4, 2017
Page 2

    If you believe you have any defenses to the foregoing, please provide a detailed written explanation and all supporting documentation and relevant analysis within ten (10) days.

    Nothing in this letter shall be deemed a waiver of any type by the Trustee to pursue any and all rights and remedies available to the Estate, including, but not limited to, the right to commence or continue litigation, whether related to the instant demand or any other claims and causes of action that the Estate may possess against you, and all such rights and remedies are expressly preserved.

    **PLEASE GOVERN YOURSELF ACCORDINGLY.**

                                              Very truly yours,

                                              Scott N. Brown

Enclosures (as stated and FDCPA Notice)

cc:    Kevin McCoy, KapilaMukamal, LLP

00480054.DOC



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

CASE NO.: 17-21340 BKC-RBR

CHAPTER 7

ROCKLINE VAC SYSTEMS, INC.

_____Debtor(s)/

NOTICE OF APPOINTMENT OF CHAPTER 7 TRUSTEE

Pursuant to 11 U.S.C. Section 701, Scott Brown is hereby appointed as Trustee in the above referenced case and is hereby designated to preside at the meeting of creditors. The Trustee shall serve under the bond heretofore approved.

Dated:   November 2, 2017

Guy G. Gebhardt
Acting United States Trustee
Region 21

by:_____
STEVEN R. TURNER
Assistant United States Trustee

Office of the United States Trustee
51 S.W. First Avenue
Suite 1204
Miami, FL 33130
(305) 536-7285

8:09 PM
11/08/17

**ROCKLINE VAC SYSTEMS, INC.**
**A/R Aging Detail**
As of November 8, 2017

| Aging Category | Type | Date | Num | P. O. # | Alpha Sort | Name | Terms | Due Date | Class | Aging | Open Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|
| > 90 | Invoice | 07/13/12 | 15510 | | Tutor Perini | Tutor Perini | | 07/13/12 | Truck B | 1,944 | $ 61.63 |
| > 90 | Invoice | 07/20/12 | 15515 | | Tutor Perini | Tutor Perini | | 07/20/12 | Camera/Clean | 1,937 | 870.00 |
| > 90 | Invoice | 07/25/12 | 15522 | | Tutor Perini | Tutor Perini | | 07/25/12 | Camera/Clean | 1,932 | 293.90 |
| > 90 | Payment | 10/16/12 | 000599 | | Tutor Perini | Tutor Perini | | | | | (367.98) |
| > 90 | Invoice | 04/16/13 | 15757 | | Tutor Perini | Tutor Perini | | 04/16/13 | | 1,667 | 82.50 |
| > 90 | Invoice | 07/03/13 | 123133 | | Tutor Perini | Tutor Perini | | 07/03/13 | Cleaning | 1,589 | 43.50 |
| 61 - 90 | Invoice | 08/25/17 | 17445 | | Tutor Perini | Tutor Perini:TPC20130702 | | 08/25/17 | | 75 | 4,205.00 |
| > 90 | Invoice | 11/10/14 | 16487 | | Tutor Perini | Tutor Perini:TPC20130702 | | 11/10/14 | | 1,094 | 456.75 |
| > 90 | Invoice | 11/14/14 | 16492 | | Tutor Perini | Tutor Perini:TPC20130702 | | 11/14/14 | | 1,090 | 435.00 |
| > 90 | Invoice | 06/28/17 | 17391 | | Tutor Perini | Tutor Perini:TPC20130702 | | 06/28/17 | | 133 | 870.00 |
| > 90 | Invoice | 08/01/17 | 17426 | | Tutor Perini | Tutor Perini:TPC20130702 | | 08/01/17 | | 99 | 1,305.00 |
| > 90 | Invoice | 06/16/15 | 16701 | | Tutor Perini | Tutor Perini:US-1 & GRIFFIN ROAD:TPC20150220 | | 06/16/15 | | 876 | 165.00 |
| > 90 | Invoice | 06/25/15 | 16712 | | Tutor Perini | Tutor Perini:US-1 & GRIFFIN ROAD:TPC20150220 | | 06/25/15 | | 867 | 1,450.00 |
| > 90 | Invoice | 08/21/16 | 17102 | | Tutor Perini | Tutor Perini:US-1 & GRIFFIN ROAD:TPC20160811 | | 08/21/16 | | 444 | 1,232.50 |
| | | | | | | **Tutor Perini Total** | | | | | **$ 11,102.80** |

Page 1 of 1





ROCKLINE VAC SYSTEMS, INC.
954-792-8287
2580 S.W. 32nd. Street

# Invoice

| Date | Invoice # |
|---|---|
| 8/25/2017 | 17445 |

| Bill To | Customer PO | Work Order |
|---|---|---|
| Tutor Perini<br>Fort Lauderdale - Hollywood Venture<br>1000 Main Street<br>New Rochelle, NY 10801<br>954-654-7715 | SUB AGREEMENT #920-SC-018 | TPC20130702 |
| | Job Location | |
| | FLL RUNWAY 9R-27L | |
| | SOUTH FEDERAL HIGHWAY | |
| | FORT LAUDERDALE, FL | |

| Qty | Unit | Rate | Description | Serviced | Amount |
|---|---|---|---|---|---|
| 4 | HR | 145.00 | VAC TRUCK WITH CREW | 8/10/2017 | 580.00 |
| 9 | HR | 145.00 | VAC TRUCK WITH CREW | 8/15/2017 | 1,305.00 |
| 9 | HR | 145.00 | VAC TRUCK WITH CREW | 8/16/2017 | 1,305.00 |
| 7 | | 145.00 | VAC TRUCK WITH CREW | 8/25/2017 | 1,015.00 |

**Total**    $4,205.00

## FAIR DEBT COLLECTION PRACTICE ACT

### NOTICE

1. Any information obtained will be used for the purpose of collecting a debt.

2. This notice is incorporated with a letter, complaint or other documents which is sent to you advising you of the amount of the debt and the name of the creditor to whom the debt is owed.

3. Unless you, within thirty (30) days after receipt of this Notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by this office.

4. If you notify this office, in writing, within the thirty (30) day period that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt and a copy of such verification will be mailed to you by this office.

5. Upon your written request, within the thirty (30) day period, this office will provide you with the name and address of the original creditor, if it is different from the current creditor.

### Disputed Debts

6. If you notify this office, in writing, within the thirty (30) day period, that the debt or any portion thereof is disputed, or if you request the name and address of the original creditor, this office shall cease collection of the debt, or any disputed portion thereof, until we obtain verification of the debt, or the name and address of the original creditor, as the case may be, and a copy of such verification of the debt, or name and address of the original creditor is mailed to you by this office.

### Admission of Liability

7. Your failure to dispute the validity of a debt under this section may not be construed by any Court as an admission of liability by the consumer.